Joseph M. Pleasant, Esq. (SBN: 179571)
**BENSON LEGAL, APC**
8550 Balboa Boulevard, Suite 290
Northridge, California 91325
Telephone (818) 708-1250
Facsimile (818) 708-1444
File No.  ACM24010
**SERVICE EMAIL**: E-Service@Bensonlegal.net
Attorneys for: ZURICH AMERICAN INSURANCE COMPANY

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
03/26/2025
Bronda L. McCormick
Executive Officer and Clerk
By: _____ Deputy Clerk
Natalie Rosete

SUPERIOR COURT OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br>          Plaintiff,<br>vs.<br>AMAZON.COM SERVICES LLC DBA AMAZON.COM, LLC,<br>DOES 1 to 10, inclusive,<br>          Defendants. | Case No. 2025CUPP041297<br><br>**COMPLAINT FOR PROPERTY DAMAGES**<br><br>[UNLIMITED CIVIL CASE]<br><br>AMOUNT OF DEMAND:<br>$429,557.97 |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY  alleges against defendants as follows:

**PRELIMINARY ALLEGATIONS**

1.   At all times mentioned herein and material hereto, plaintiff was and is a lawfully organized corporation and an insurance company doing business in the State of California.

2.   Prior to December 12, 2023, plaintiff had issued to Ezrakathrina Centeno ("the insured")  a policy of homeowner's  insurance covering the insured's home located at 550 Kentwood Drive, Oxnard, California  93030 ("the insured's home").

---
COMPLAINT
1

3. At all relevant times, defendant AMAZON.COM SERVICES LLC DBA AMAZON.COM, LLC, DOE 1 and DOE 2 (collectively "Amazon") was a business entity selling products through its online platform to the public.

4. Defendants DOES 3 to 6 were the employees, agents or principals of other defendants whose conduct caused or contributed to causing the incident which is the subject of this action with in the course of a relationship that would impose vicarious liability by and between such defendants. The true names or capacities, whether individual, corporate, associate or otherwise, DOES 1 to 10, inclusive, are unknown to plaintiff who therefore sues said defendant by such fictitious names. Plaintiff will amend this complaint to show their names and capacities when same have been ascertained.

## THE FACTS

5. On June 21, 2020, plaintiff's insured purchased a bidet toilet sprayer as a new retail product from a store in the State of California. The product is described as:

- Achiotely Handheld Bidet Toilet Sprayer, Stainless Steel Bathroom with a purchase price of $22.09

6. The product was delivered to and received by the insured and then properly installed in the insured's home.

7. On or about December 12, 2023, while the insured and her family were on vacation, the product leaked and flooded the insured's home.

8. After the incident, plaintiff's insured made a claim to plaintiff for the damages to the home and its contents. Plaintiff thereafter investigated the claim, determined it was covered, adjusted it and paid it to the extent it was covered by the insurance policy.

# FIRST CAUSE OF ACTION

# STRICT PRODUCTS LIABILITY

# (AGAINST ALL DEFENDANTS)

9. Plaintiff incorporates the preceding paragraphs into this cause of action.

10. Prior to the incident, DOES 4, 5 and 6, manufactured, assembled and/or designed the product in a manner that rendered it unsafe and defective in that the product created a foreseeable risk that it would eventually leak.

11. All defendants put the defective products into commerce, including Amazon, through its website.

12. As to Amazon, California case law provides that it may be held liable for product defects sold through its website by third-party sellers. (*Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431). ("*Bolger*"). In that case, after explaining the relationship between Amazon and third-party sellers and consumers, the Fourth District Court of Appeals opined:

> Given these facts, Amazon is an "integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products." (*Vandermark, supra*, 61 Cal.2d at p. 262, 37 Cal.Rptr. 896, 391 P.2d 168.) Amazon was "involved in the vertical distribution of consumer goods" and "responsible for passing the product down the line to the consumer." (*Bay Summit, supra*, 51 Cal.App.4th at p. 773, 59 Cal.Rptr.2d 322.) It was one of the entities "responsible for placing a defective product into the stream of commerce." (*O'Neil, supra*, 53 Cal.4th at p. 349, 135 Cal.Rptr.3d 288, 266 P.3d 987.)

(*Bolger* at 453). The court continued:

> Our consideration of the policies underlying the doctrine of strict products liability confirm that the doctrine should apply here. Amazon is " 'an integral part of the overall producing and marketing enterprise,' may in a particular case 'be the only member of that enterprise reasonably available to the injured plaintiff,' and may be in the best position to ensure product safety." (*Jimenez, supra,* 29 Cal.4th at p. 479, 127 Cal.Rptr.2d 614, 58 P.3d 450.) Amazon can, and indeed already does, "adjust the costs of liability in the course of [its] continuing business relationship with other participants in the overall

>manufacture and marketing enterprise." (*Ibid*.) For each of these policies, Amazon functions in much the same manner as a conventional retailer. Because the " 'overriding policy considerations' " are similar for each (*id*. at p. 480, 127 Cal.Rptr.2d 614, 58 P.3d 450), Amazon should be held strictly liable.

(Emphasis added)(*Id*.)

13. Then in 2021, the Second District Court of Appeals determined that the *Bolger* case was correctly decided by the Fourth District Court of Appeals:

>Kisha Loomis brought suit against Amazon.com LLC (Amazon) for injuries she suffered from an allegedly defective hoverboard. The hoverboard was sold by a third party seller named TurnUpUp through the Amazon website. The trial court granted summary judgment in favor of Amazon. The primary issue on appeal is whether Amazon may be held strictly liable for Loomis's injuries from the defective product. Recently, the Fourth District addressed this issue as a matter of first impression in *Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431, 267 Cal.Rptr.3d 601 (Bolger), review denied November 18, 2020. Bolger held Amazon "is an 'integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products.' " (Id. at p. 453, 267 Cal.Rptr.3d 601.) Our own review of California law on strict products liability persuades us that Bolger was correctly decided and that strict liability may attach under the circumstances of this case.

(*Loomis v. Amazon.com LLC* (2021)  63 Cal.App.5th 466 at 471) ("Loomis").

14. Accordingly, Amazon is considered to be a distributor of the product sold through its platform even from third-party sellers.   Thus, Amazon distributed the products which are the subject of this action.

15. After purchasing the product, it did not perform as safely or as properly as an ordinary consumer would have expected.  Specifically, the bidet was purchased and properly installed but eventually leaked causing extensive water damage to the insured home and its contents.

16. As a direct and proximate result of the defective nature of the product, the fire they started severely damaged the insured's home and its contents in the amount $429,557.97.

---
COMPLAINT
4

17. After this incident, plaintiff, who insured against this loss, paid a claim to compensate the insured for this loss as required by the insurance policy. Because plaintiff stands in a superior equitable position than defendants concerning the loss, under California law, it now has the right and standing to recover this amount from the defendants as a subrogee and/or an assignee of the insured's claims.

**SECOND CAUSE OF ACTION**

**BREACH OF WARRANTY AND CONTRACT**

**(AGAINST ALL DEFENDANTS)**

18. Plaintiff incorporates the preceding paragraphs into this cause of action.

19. With the insured's purchase of the products, there were express and implied warranties that the products would safely function as intended and that defendants would be responsible for the damages caused by a failure of the products to function safely.

20. In breach of these warranties, the product did not function properly and leaked.

21. As a direct and proximate result, the insured's property was damaged in the amount $429,557.97.

22. After this incident, plaintiff, who insured against this loss, paid a claim to compensate the insured for this loss as required by the insurance policy. Because plaintiff stands in a superior equitable position than defendants concerning the loss, under California law, it now has the right and standing to recover this amount from the defendants as a subrogee and/or an assignee of the insured's claims.

///

///

## THIRD CAUSE OF ACTION

## NEGLIGENCE

## (AGAISNT ALL DEFENDANTS)

23. Plaintiff incorporates the preceding paragraphs into this cause of action.

24. Defendants had a duty to act in a reasonably prudent manner in designing, manufacturing, assembling, providing adequate operation instructions for the products where are the subject of this action so that they would operate safely through ordinary use.  Defendants further had a duty to act in a reasonably prudent manner in distributing and selling the products.

25. Defendants breached these duties by failing to design, manufacture, assemble and/or provide adequate instructions for the product, and, thereafter putting the defective product into commerce where it could foreseeably harm consumers.

26. This breach foreseeably caused the defective product to be offered for sale to the public and was thereafter purchased by the insured.  The insured then used the product in a foreseeable manner as intended.

27. As a direct and proximate result of purchasing and using the product, the insured's property was damaged.

28. After this incident, plaintiff, who insured against this loss, paid a claim to compensate the insured for this loss as required by the insurance policy.  Because plaintiff stands in a superior equitable position than defendants concerning the loss, under California law, it now has the right and standing to recover this amount from the defendants as a subrogee and/or an assignee of the insured's claims.

//

//

**PRAYER**

1. WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them, on all causes of action, separately and jointly, as follows:

2. Economic damages in the sum of $429,557.97;

3. Interest on the damages from December 12, 2023;

4. For costs of suit incurred;

5. For such other and further relief that the court considers proper.

Date: March 17, 2025

_____
Joseph M. Pleasant, Esq.
BENSON LEGAL, APC
Attorney for Plaintiff