PERKINS COIE LLP
William L. Partridge, Bar No. 260166
wpartridge@perkinscoie.com
1111 West Jefferson Street, Suite 500
Boise, Idaho 83702-5391
Telephone:  +1.208.387.7524

Attorneys for Defendant
Amazon.com Services, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC DBA AMAZON.COM, LLC and DOES 1 to 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:25−cv−06306−FLA−AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><span style="color:red">NOTE CHANGES MADE BY COURT</span> |

Purpose and Good Cause Statement

Plaintiff Zurich American Insurance Company ("Plaintiff") and Defendant Amazon.com Services LLC dba Amazon.com, LLC (individually a "Party" and collectively the "Parties") submit this Stipulated Protective Order and represent that good cause exists for its entry pursuant to Federal Rule of Civil Procedure 26(c).

Discovery in this Litigation will require the production and exchange of documents and information that constitute or contain trade secrets, proprietary or competitively sensitive business information, and private or confidential information of individuals. Absent protection, the disclosure of such information would cause significant harm to the designating Party, including but not limited to

competitive injury, invasion of privacy, and the potential misappropriation of trade secrets or other proprietary business information.

The Parties have a substantial interest in protecting against the public disclosure of such sensitive materials, and therefore request entry of this stipulated protective order to establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality.

**The Court hereby orders:**

1. Scope and Application of Protective Order. This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party") ~~, regardless whether the person or entity producing or receiving the Confidential Information is a party~~.

2. Definitions.

2.1.    Confidential Information. "Confidential Information" means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples:

· personally identifiable information

· taxes and other financial records

· accounting or financial statements (not including publicly available financial statements)

· trade secrets and confidential business procedures

· commercial, financial, pricing, budgeting, revenue, profit, or accounting information

· information about existing and potential customers

· marketing studies and projections

· proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships

· Any other information whose disclosure could cause an invasion of privacy or competitive business harm.

A protective order is warranted because Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury.

2.2. Documents. The term "documents" means all written, recorded, or graphic materials, including but not limited to correspondence, emails, text messages, instant messages, manuals, photographs, diagrams, invoices, notes, measurements, videos, audio recordings, and reports, whether hard copy or electronically stored information.

3. Designation of Confidential Information.

3.1. Good Faith Claims. All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. Produced Documents. Any party may reasonably designate any document, or portion thereof, containing Confidential Information as "Confidential" by (a) labeling the document to be so designated substantially as follows: "CONFIDENTIAL"; or (b) notifying the other party in writing or on the record in deposition ~~or in Court~~ that the document should be treated as "Confidential" pursuant to this Order.

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly indicate that it contains information subject to this Order. If any person or party makes copies of

-3-                                                    Case No.
                                                 2:25−cv−06306−FLA−AGR
                                          STIPULATED PROTECTIVE ORDER

documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

3.3.    Interrogatory Answers.  If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information. The answers to interrogatories not containing Confidential Information should make reference to the separately produced document containing the answers designated as Confidential, but such document should not be attached to the interrogatories.

3.4.    Inspections of Documents.  If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

3.5.   Deposition Transcripts. No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.6.   Multipage Documents. A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

4. Designations by Another Party.

4.1.   Notification of Designation. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

4.2.   Return of Documents. Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each

copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

5. Objections to Designations.

5.1.    Notice of Objection.  Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other parties of the objection in writing within 30 days of receiving the designation or, if a document is first produced fewer than 30 days before trial, within half of the time remaining before trial. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

5.2.    Conference Regarding Objection. The parties with an interest in resolution of the objection shall confer within 10 days after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 14 days after the conference to file a motion to remove the Confidential Information designation.

5.3.    Treatment after Objection Is Raised.  All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

6. Custody. All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under

-6-

Case No.
2:25−cv−06306−FLA−AGR
STIPULATED PROTECTIVE ORDER

subparagraph 7.1.

7. Handling of Confidential Information Before Trial.

7.1.    Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

a. Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Deposition and trial witnesses;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties and their employees and insurers with a discernible need to know;

f. In-house counsel and paralegals;

g. Vendors employed by counsel for copying, scanning, and handling of documents and data; and

h. The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Other than the Court, such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

7.2.    Acknowledgement of Protective Order. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons

Case No.
2:25−cv−06306−FLA−AGR
STIPULATED PROTECTIVE ORDER

to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

   7.3.   Disclosure to Competitors. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

   7.4.   Unauthorized Disclosures. All parties and all persons who sign an Acknowledgment (Appendix A) persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall promptly immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure.

   7.5.   Court Filings.  All material filed with the Court containing or

Case No.
2:25−cv−06306−FLA−AGR
STIPULATED PROTECTIVE ORDER

disclosing Confidential Information shall be filed under seal and shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties and necessary employees of such counsel until further order of Court, except as otherwise agreed by the parties and any consenting third-party that designated the documents, materials or information as Confidential Information.

8. Care in Storage. All parties receiving persons having Confidential Information in discovery shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking, of such Confidential Information.

9. Handling during Trial. Confidential Information used at trial shall become public absent a separate court order upon motion and a sufficient showing. Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions ( if any) imposed by the Court.

10. Use of Artificial Intelligence.

10.1. Prohibited Uses. Except as specified under Section 10.2, no Party, attorney, expert, consultant, or other person subject to this Order shall input, upload, or otherwise disclose any Confidential Information into any open, publicly-accessible artificial intelligence (AI) program or platform, including ChatGPT, Google Gemini, or any other AI tool that retains, learns from, or otherwise uses user-inputted data to train or improve its models.

10.2 Permitted Uses. Use of closed, non-public, enterprise-grade AI programs or platforms (e.g., Microsoft Azure-hosted OpenAI models or similar platforms) may be permitted only if:

a. The program or platform is configured to not retain or learn from user inputs;

b. The program or platform is isolated from public access and used solely for

the purposes of the Litigation; and,

c. The Party using such program or platform has conducted reasonable due diligence to ensure the compliance of the program or platform with the confidentiality requirements of this Order, including confirmation that information uploaded to the program or platform can be deleted ~~at the~~ upon termination of the Litigation.

10.3 Deletion of Confidential Information from Permitted AI Platforms. Within 90 days after the termination of the Litigation (including all appeals), each receiving party shall certify in writing that all Confidential Information has been deleted from any AI programs or platforms used during the Litigation.

11. No Implied Waivers. The entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Order an admission that it is admissible in evidence.

12. Inadvertent Failure to Designate as Confidential. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

13. Inadvertent Disclosure of Privileged Documents or Information. If a party inadvertently produces a document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver.

-10-

Case No.
2:25−cv−06306−FLA−AGR
STIPULATED PROTECTIVE ORDER

A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party.

A producing party may demand return of any inadvertently produced document or information, and the receiving party shall immediately return them (and any copies thereof) and delete all electronic versions and all notes or other work product reflecting the contents of such material. Alternatively, the receiving party may seek *in camera* review within 10 days to obtain a court ruling on privilege, and the parties shall not use such documents or information until the court rules.

14. <u>Parties' Own Documents</u>. This Order does not restrict the parties in their use or disclosure of their own documents and information.

15. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

16. <u>No Effect on Other Rights</u>. This Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

17. <u>Handling upon Conclusion of Litigation</u>. All parties, counsel, and persons to whom disclosure was made shall return all Confidential Information to the designating party within 90 days of the conclusion of litigation. Counsel shall

Case No.
2:25−cv−06306−FLA−AGR
STIPULATED PROTECTIVE ORDER

certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned.

-12-

In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Entered this 5th day of February, 2026.



_____

The Honorable Alicia G. Rosenberg
United States Magistrate Judge

Respectfully submitted by:

s/ _____

William L. Partridge (State Bar No. 260166)
wpartridge@perkinscoie.com
PERKINS COIE LLP
1111 West Jefferson Street, Suite 500 Boise, Idaho 83702-5391
Telephone: +1.208.387.7524
Attorneys for Defendants Amazon.com Services LLC

s/ _____

Joseph M. Pleasant, Esq. (State Bar No. 179571)
e-service@bensonlegal.net
BENSON LEGAL, APC
8550 Balboa Boulevard, Suite 290 Northridge, CA 91325
Telephone: 818-708-1250
Attorneys for Plaintiff